May it please the Court, Karen Connolly appearing on behalf of Christopher Wideman. I'd like to reserve two minutes for rebuttal. You may. You can watch the clock. Hold on a second. I think you need to get a little closer to the mic. This case involves a situation where Christopher Wideman received a sentence of almost 22 years for possessing approximately 1.5 kilograms of crack cocaine. It is our position that the Court, in sentencing Mr. Wideman to 262 months, acted unreasonably, and also the Court gave too much weight to the sentencing guidelines. After United States v. Booker, the United States Supreme Court specifically stated that the guidelines were no longer mandatory and that they were to be considered advisory. We've heard that. Excuse me? We have heard that. Well, in this particular case, it's my position, Your Honor, that the Court in this case gave heavy weight to the guidelines. In fact, that's the actual statement that was utilized by the district court judge. And what would be wrong with that? What would be wrong? Giving heavy weight to the guidelines. Excuse me? What would be wrong with the district court giving heavy weight to the guidelines? Well, that would be considering them more as mandatory in nature, rather than the... Heavy is not mandatory. Well, I think in this particular case, if you look at not only that statement made by the Court, but also the statement by the Court that it was not going to deviate from the guidelines because it did not feel that this case fell outside the heartland of the guidelines. It's an indication that the Court considered the guidelines mandatory in this case. No, I don't. Why would you consider that? The guidelines were not wiped off the face of the map. In fact, the Court made quite clear, the Supreme Court made quite clear in its opinions that the guidelines were still relevant. The question was whether they were mandatory, whether there was any discretion on the part of the district court to depart, but I don't get any sense from reading any of the opinions that there was a wiping away and that the heavy reliance on guidelines is somehow the equivalent of just mandatory under a different label. Well, what the Court in Bouguer did say was that the Court was also to consider the factors set forth in 3553A when determining what sentence to institute in a particular case. And in this case, the Court essentially did not give deference to all the factors set forth in 3353A, and in particular, the factor pertaining to disparity. And the United States Sentencing Commission on three occasions has indicated that the disparity between crack cocaine and cocaine powder, 100 to 1 disparity, is not reasonable. On three separate occasions, the Commission has gone to Congress and requested that the sentencing guideline pertaining to the crack powder ratio is unjustified and nothing's being done, and I would submit that based upon the Sentencing Commission opinions that the guideline pertaining to crack cocaine is per se unreasonable. The district court did not even consider that argument below. The argument was weighed that the Court should not give a sentence set forth with the guidelines 262 months because the Court should go below that given the fact that that guideline is based upon the ratio between the crack and the powder, which is per se unreasonable pursuant to the sentencing guideline and the Sentencing Commission. This gets us into rather a dicey area because the Commission took it to Congress and Congress said we're not going to change that. Well, I understand that, Your Honor, but however, I think in light of Booker, Booker gave this Court and the Federal system the authority to make some changes within the sentencing guidelines because those guidelines are no longer mandatory. They're advisory. And I think that Booker essentially changed the landscape and gave the circuit courts the authority to look at these 3353 factors, to look at this particular guideline, which, for all accounts, is unreasonable. And I don't think there's a whole lot of authority that says that this is a justification with this 100-to-1 ratio. Yes, no doubt that reasonable minds can differ. However, it's clear that crack cocaine is more harmful than powder, but the 100-to-1 ratio is unjustified. And there's a great deal of authority in addition to three times. He had crack, didn't he? He was not in possession of powder. He was in possession. Pursuant to his guilty plea, it was cocaine-based. And the additional argument I would be making was that he pled guilty to cocaine-based, not crack, and the particular guideline under which he was sentenced pertained to crack and not cocaine-based. So you're distinguishing. You say base is not crack. Base is powder? Not all. In this particular case, he pled guilty to cocaine-based. There's an amendment to the guideline which indicates that that particular guideline pertains to crack. There was no evidence submitted in this case that the cocaine-based which he possessed was crack. But he pled guilty to, under circumstance where it's reasonable for the district court to infer it was dealing with crack, not with powder. He pled to cocaine-based. What is the difference between base and crack? This has always puzzled me. And I've asked counsels in a couple of cases and never gotten a satisfactory answer. Maybe you can tell me. Well, I'm not a chemist, but I understand it has to do with the chemical composition and the way that the substance is utilized by the individual ingesting it. And I believe that what the guidelines had considered was that the Ninth Circuit has actually indicated that for purposes of the guideline, it pertains to smokable crack. So, and again, I think there's some discussion about exactly what is the difference? Why is there this huge divergence in the penalty, 101 penalty for powder cocaine versus cocaine-based? And it's simply not warranted. And it's something that the district court in this particular case just said. And as a factor that's specifically set forth in 3353 that the court must consider together with statements by the Sentencing Commission, the court did not consider those statements either. For example, Judge Cocaine-Powder, for the base offense level, for the amount of cocaine base that my client admitted he possessed, the base offense level would have been a 26 minus 3 points for the exceptions of responsibility. He would have been facing a guideline sentence of 84 to 105 months. Based upon the fact that it was cocaine-based, the base offense level was 38 minus 3 points for exceptions of responsibility for a 260 to 327-month sentence. And the guidelines specifically say that similarly situated individuals committing similar crimes should be treated similarly. And given that ratio, which is per se unreasonable, I would submit in this particular case the court should have looked at doing perhaps below the 262 guideline in light of the fact that there's a disparity that is not warranted and not justified by any by anybody. Okay. Also, Judge, the other issue that the judges, the other issue that the court neglected or failed to consider was the disparity between State sentences and Federal sentences. If Mr. Wideman had been sentenced across the street, if he had pled guilty across the street in State court, he would have been facing a sentence of either 15 years with parole after five years or life with parole after five years. Because the law enforcement authorities or the prosecutors decided to prosecute him in Federal court, he's facing a much harsher penalty. That's another disparity that was raised below which the district court did not consider. Do you have any cases which have said it's appropriate to consider the disparity between State and Federal? There's no cases post Booker which have said that it's not a factor, that it's a factor the court should not consider. So I think it's one of those issues that's currently in light of Booker up in the air. But I think if you look at 3353 and it's talking about disparity of similarly situated individuals, it's not confining to Federal. A similarly situated individual in State court would be facing far less time in the interest of fairness and justice. That's a disparity that should have been considered. And 3353 specifically indicates that the court should render a sentence that's sufficient but not greater than necessary to comply with the purposes of 3553. Mr. Weimer was facing a mandatory minimum of 10 years which would have taken into consideration all the relevant factors and would have been sufficient in this particular case. I see my time's up. All right. Thank you. Good morning. Ray Gatinella, Assistant United States Attorney from the District of Nevada. May it please the Court, counsel. Ladies and gentlemen, Your Honors, the defense is asking this Court to find a sentence that Judge McKibben imposed as unreasonable because it was below the guideline range. And she pointed out several reasons why the Court should find that way. I'd like to first address her first point which she made with regard to the crack cocaine and the powder cocaine distinction. I will first point out to the Court that at the lower court, the trial court, defense counsel never brought to Judge McKibben's attention that what the defendant actually possessed was something other than crack cocaine. And in fact, the defendant stipulated in writing, and I quote from the stipulation, is that the parties admit and stipulate that the quantity of drugs attributable to Christopher Weidman, quote, for sentencing purposes is 1,507 grams. It was very clear that the defendant was admitting that this was cocaine-based for sentencing purposes. And for sentencing purposes, when we look at the guidelines, which the defendant knew, although advisory, were going to be relevant to his sentence, when you look at the guidelines, it defines cocaine-based as crack cocaine. There was no question that the defendant in this case possessed, in fact, crack cocaine. He also didn't, in fact, possess powder cocaine. However, he admitted possessing the cocaine-based for sentencing purposes. With regard to her argument, the defense's argument that there should be a disparity between State, the disparity between State and Federal sentences should be considered the same. But assuming it was crack, I thought her argument was that the – which gets the higher? The crack cocaine. The crack gets higher. Right.  Assuming that it's crack cocaine, if it had been powder, it would have been substantially 100 to 1 less in terms of penalty. Yes. Is that correct? Yes. That's her argument. And that the sentencing commission itself has pointed this out, as have others in the body politic. Congress, which imposed the mandatory aspect of this under the guidelines, now is no longer the final say on it under the theory of Booker. So why wouldn't the Court then – why wouldn't that debate now shift into the district court sentencing? Because Judge McKibben is still following the precedent of this Court in United States v. Davis, when this Court specifically said that Congress's decision to punish the sale of crack cocaine more severely than powder cocaine was based on broad and legitimate purposes. So this Court, in fact, found – Is that a post-Booker case? No, that's a pre-Booker case. Okay. It has some limited authority at this point. I think we're all troubled by what we should do now. Okay. However, there was nothing that, if I'm not mistaken, nothing in Booker that indicated that the Court should or is required to consider a disparity between crack and powder cocaine. Well, did he actually – did Judge McKibben in this case address the question at all in the context that we're now talking about it? Is there anything to suggest that he felt he had the ability to disregard Davis and what we said in Davis? Yes, Your Honor, there is. The judge did indicate, and I quote from the judge, he says, I've carefully considered the request of defense for a downward departure. And the defense made this argument to the lower court. And he did state that he did consider that. Furthermore, the Court did state, and I quote, that the guidelines are advisory. So the Court was aware that it was free to sentence the defendant in any term of imprisonment within the statutory range that the Court deemed reasonable. So did he specifically talk about rejection of the disparity between crack and powder as a consideration? Not to my memory, Your Honor. I could be wrong, but I do not recall the judge specifically referring to that. I do know that the judge did say that he did consider all of the defendant's arguments prior to imposing the sentence in this case. But also, Your Honor, I would argue the Court does not waive its first argument that this Court, in fact, lacks jurisdiction. And the government would ask this Court to dismiss this case outright because the Court lacks jurisdiction to entertain this appeal under the statute. We have that. That argument is under submission by the Court in other cases. So we're familiar with the issue. You're not waiving it. It's preserved. But it's likely this panel doesn't have priority on the issue. Thank you. There are no other questions? If we do, we'll revisit it. Thank you. Oh, I'm sorry. Before you get away, though, I think I may have interrupted you on the State versus Federal. What was your point on State versus Federal? State versus Federal. There's a case, Your Honor, out of this Court, and I believe it's U.S. versus Belchez, that specifically stated, and I can quote from that case, that the guideline interest in decreasing sentencing or sentence disparity concerns only sentences submitted out by Federal courts. The desire to equalize State and Federal sentences does not constitute a permissible basis for a departure. Could you give me the cite to that? Yes. That's pre-Booker, too. That is a pre-Booker. It's a 1992 case, Your Honor. Okay. Well, I'll find it, then. If you'd like that cite, I can get that. No, no. I'll get it. I thought it was a recent case. And in sum, I'd just ask the Court that, first, dismiss the case for lack of jurisdiction, and, two, if the Court does exercise jurisdiction, to find that the sentence imposed in this case was reasonable. All right. That's the time. The district court did not specifically on the record indicate that it was considering any kind of disparity. In fact, the record reflects on page 89 to 90, the Court's data follows when it was rendering sentence. Could you just talk a little more slowly and distinctly? Certainly. When it was rendering sentence, the Court's data follows. It has considered his family background, deterrence, gravity of defense, his criminal background, and, due to his criminal background, leniency is not appropriate. So when the Court was given its reasons, it didn't even mention anything to do with disparity in this particular case. Also, regarding the Bill Chess case cited by the government, that was pre-Booker, and it was involving a departure case, and it was talking about the case of Coon. And in the 2000 case of United States v. Williams, which is a Ninth Circuit case, this Court had the opportunity to rule that State-Federal disparity was not a grounds for departure, and it did not do so, and it indicated there were some other jurisdictions which had ruled in that manner. However, this Court declined to do so. Thank you. All right. Thank you. Counsel, we appreciate your arguments. And the case argued is submitted.
judges: Goodwin, B. Fletcher, Fisher